CHERYL D. ERSTROM, APPELLEE, V. LYLE G. ERSTROM,
APPELLANT.

369 N.W.2d 637

Filed June 28, 1985.   No. 84-590.

Tedd C. Huston, P.C., for appellant.

Steve Windrum, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from the decision of the district court in a dissolution action assigning a debt to appellant husband. The parties have otherwise agreed as to division of property, custody of the parties' child, and amount of child support.

The parties were married on September 15, 1962. One child was born of the marriage and was 16 years of age as of the date of submission to this court. The marriage was not financially successful. In the brief record that was presented to this court, there is a description by appellee wife of the amount of property available to her as a result of the even division. Her property's estimated value was $1,500, with no other assets except the remainder interest in some real estate, after a life estate in her mother, as the result of a gift or devise from a grandfather. The property is not described nor valued.

The bone of contention in this dispute is in the balance due on a note to one Charles or Mildred Pitkin of approximately $19,000, the result of an ill-fated cattle venture. The cause of the loss is also not described in the record presented to us, nor does the court give any reason for its assignment of the entire balance of the debt to the husband.

At the date of hearing in the district court, the appellant was employed by an oil-drilling company, earning a wage of approximately $5 per hour. He agreed to pay $100 per month child support to appellee. He had no other outstanding debts save the cattle debt. At the time of the hearing the appellee was employed at a rest home and a snack bar with a take-home pay of approximately $500 per month.

We said in *Guggenmos v. Guggenmos*, 218 Neb. 746, 748-49, 359 N.W.2d 87, 90 (1984):

> [T]he division of property and the awarding of attorney fees in marriage dissolution cases are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In our de novo review, where the evidence is in conflict, we will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another.

We are unable, on a de novo review of the record in this case, to say that the trial judge abused his discretion. Undoubtedly the trial judge was aware from the evidence that the assets in this relatively long-term marriage were sparse, and this is reflected by the rather modest amount of child support. He undoubtedly took into account that because of this modest allowance of child support, the appellant was relatively more able to adequately service the debt, though admittedly it will be quite difficult.

The judgment of the district court is affirmed.

AFFIRMED.